**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEBORAH K. DURELL and
ESTATE OF ROBERT L. DURELL,

       Plaintiffs,                        CASE NO. 12-11519
v.                                         HON. LAWRENCE P. ZATKOFF

FANNIE MAE, FINANCIAL FREEDOM
SENIOR FUNDING CORPORATION, and
FINANCIAL FREEDOM ACQUISITION, LLC,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 14th day of June, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction and/or Temporary Restraining Order and Immediate Consideration Against Defendant Fannie Mae (Docket #20). Based on the urgency of Plaintiffs' Motion and its *ex parte* nature, the Court shall not await a response from Defendants. In addition, the Court finds that the facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(f), this Court has decided Plaintiffs' Motion upon the briefs submitted, without this Court entertaining oral arguments.

**I. LEGAL STANDARD**

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the

>>>preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. ANALYSIS

The Court has reviewed Plaintiffs' Motion and Brief in Support thereof. In the "Statement of Facts" section, Plaintiffs begin: "[Fannie Mae] is evicting Deborah Durell from her Marital Home. The eviction proceeding is pending in the 48th judicial district court." Later, Plaintiffs state: "Defendant [Fannie Mae] has filed a Motion for Summary Disposition in the 48th District Court. The 48th District Court has scheduled a hearing on the summary disposition motion for June 25, 2012 at 2:00 P.M."

Based on the argument set forth by Plaintiffs in support of their motion for injunctive relief, it is clear that Plaintiffs are asking this Court to enjoin Fannie Mae from evicting Deborah Durell, *i.e.*, enter an injunction preventing the 48th District Court proceedings from continuing until this Court resolves the related claims pending herein.

In *Younger v. Harris,* 401 U.S. 37, 44 (1971), the U.S. Supreme Court first affirmed the need for federal courts to abstain from interfering with ongoing state criminal proceedings. The *Younger* court emphasized that "extraordinary circumstances must be present to justify federal injunctive

relief against state criminal prosecutions." *Younger*, 401 U.S. at 46. Subsequently, the abstention required by *Younger* was extended to civil proceedings in state court. *Huffman, et al. v. Pursue, LTD,* 420 U.S. 592, 595 (1975). In reaching this conclusion, the *Huffman* court recognized "the component of *Younger* which rests upon the threat to our federal system is thus applicable to a civil proceeding such as this quite as much as it is to a criminal proceeding." *Huffman,* 420 U.S. at 604.

The U.S. Supreme Court identified specific factors to be applied by this Court when determining whether abstention is required. Those factors are: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and, (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir 2001).

As to the first factor, the eviction proceedings in the 48th District Court case are still being litigated, and the key issue before this Court is the same as that now being litigated there–namely, whether Plaintiffs are entitled to keep their home or whether they should be evicted. Second, the relief requested here would require this Court to pre-empt the 48th District Court's jurisdiction to decide important state interests related to real property rights. Eviction and foreclosure proceedings are generally handled by state courts, not federal courts, and the propriety of determining whether a foreclosure and eviction are appropriate is a matter of state law, not federal law. Third, Plaintiffs will have an adequate opportunity in the ongoing state proceedings to raise any of the challenges that they assert in this cause of action. The Court also notes that the adversarial proceedings began in the 48th District Court, well before any matters were removed to this Court. In this federal court action, there has not even been a scheduling conference.

For the foregoing reasons, the Court finds that the interests of justice weigh heavily in favor of allowing the eviction proceedings to be addressed in the 48th District Court. Therefore, the Court concludes that the abstention doctrine compels this Court to: (1) abstain from interfering with the related ongoing state court proceedings in the 48th District Court, and (2) deny Plaintiffs' Motion.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Plaintiffs' Motion for Preliminary Injunction and/or Temporary Restraining Order and Immediate Consideration Against Defendant Fannie Mae (Docket #20).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 14, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 14, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290